```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
ALBERT V. LOUIS, JR.,               :
                                    :
        Plaintiff,                  :   Civ. No. 15-7004 (NLH)
                                    :
    v.                              :   OPINION
                                    :
NEW JERSEY STATE PAROLE             :
    BOARD, et al.,                  :
                                    :
        Defendants.                 :
_____:

APPEARANCES:
Albert V. Louis, Jr., # 200841 159226B
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302
    Plaintiff Pro se

HILLMAN, District Judge

　　　Plaintiff Albert V. Louis, Jr., a prisoner confined at South Woods State Prison in Bridgeton, New Jersey, filed this civil action asserting claims pursuant to 42 U.S.C. § 1983.  The case was previously administratively terminated due to Plaintiff's failure to satisfy the filing fee requirement. (ECF No. 5).  This Court is in receipt of a second application to proceed in forma pauperis (ECF No. 9) as well as a series of letters from Plaintiff (ECF Nos. 6-8, 10, 11).  Accordingly, the case was reopened for review by a judicial officer.

I.   In Forma Pauperis Application

As explained to Plaintiff in the Court's October 7, 2015 Order, pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance.  Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed in forma pauperis.

The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400.  A prisoner who is granted in forma pauperis status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee.  A prisoner who is denied in forma pauperis status must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

Title 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis.  Under § 1915, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of

his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. Id.

If the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee, in installments, as follows. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions); see also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from

3

a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions). If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

The Court notes that the institutional account statement submitted by Plaintiff has not been certified by an appropriate official and, therefore, is incomplete pursuant to 28 U.S.C. § 1915(a)(1), (2). See, e.g., Hairston, Sr. v. Gronolsky, 348 F. App'x 716 (3d Cir. 2009) (affirming administrative termination of prisoner civil rights action for failure to comply with requirements of § 1915); Tyson v. Youth Ventures, L.L.C., 42 F. App'x 221 (10th Cir. 2002) (affirming dismissal without prejudice of civil action where prisoner submitted only uncertified copy of institutional account statement); Johnson v. United States, 79 Fed.Cl. 769 (2007) (same). See also Rohn v.

4

Johnston, 415 F. App'x 353, 354-55 (3d Cir. 2011) (affirming dismissal without prejudice of civil action where prisoner failed to submit the required affidavit of poverty).

In the numerous letters submitted by Plaintiff, he asserts that he requested several times that the social worker at South Woods State Prison, Ms. Adams, sign the account statement, but she refused. See, e.g., (Letter 1, Oct. 28, 2015, ECF No. 8). Plaintiff provides documentation which indicates the date and time that he met with Ms. Adams and he asks the Court that he not be penalized for her failure to sign the account statement. (Letter 1, Oct. 29, 2015, ECF No. 11).

The Court commends Plaintiff for his efforts and does not intend to penalize him for Ms. Adams' refusal to provide her signature.  However, Ms. Adams, who Plaintiff describes as a social worker, is not a prison official who can provide certification of Plaintiff's prison trust account.  Rather, said certification must come from a correctional officer, preferably the officer who provided Plaintiff with the prison trust account statement in the first place.

To the extent Plaintiff asserts that correctional officials have refused to provide the certified account statement, any such assertion must be supported by an affidavit detailing the circumstances of Plaintiff's request for a certified institutional account statement and the correctional officials'

5

refusal to comply, including the dates of such events and the names of the individuals involved.

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).  As discussed in the Court's previous Order, the Court notes that Plaintiff states in his Complaint that he is "faced with imminent danger of serious physical injury every second of every day." (Compl. 7, ECF No. 1). However, Plaintiff does not provide any indication of what specific danger he is facing.  Without further information regarding the circumstances of his incarceration or the alleged danger Plaintiff faces, this Court will not infer imminent danger.

For the foregoing reasons, the Court finds that Plaintiff's application is incomplete and his request to proceed in forma pauperis will be DENIED.  Plaintiff will not be assessed a filing fee of $350.

## II.   Petition for Writ of Habeas Corpus

In his Complaint, Plaintiff alleges that he should have already been released from prison and that the State Parole Board improperly imposed a Future Eligibility Term ("FET") of 180 months, which will exceed Plaintiff's maximum release date. In terms of relief, Plaintiff seeks both immediate release and financial compensation.

The Court makes no determination as to the merits of Plaintiff's claims at this time.  However, to the extent that Plaintiff challenges the calculation of his sentence or the decision of the State Parole Board, the Court notes that claims of this type are often properly raised in the context of habeas corpus. See Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) ("It is well-settled that when a state prisoner is challenging the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, not a § 1983 action.") (citation omitted); Ford v. D'Amico, No. 05-5050, 2006 WL 1457938, at *6 (D.N.J. May 22, 2006) (collecting cases) (holding that because Ford was actually contesting the decision denying parole for the duration of his maximum prison sentence and the determination of his release date, such a claim must be raised by way of a habeas corpus petition after exhaustion of state remedies); see also Hunterson v. DiSabato, 308 F.3d 236, 246 (3d Cir. 2002) (analyzing denial of parole and imposition of FET in context of habeas corpus); Pratola v. Sullivan, No. 08-2417, 2010 WL 234937, at *2 (D.N.J. Jan. 14, 2010) (same); Richardson v. New Jersey, No. 07-3482, 2007 WL 2317090, at *2 (D.N.J. Aug. 9, 2007) ("To the extent Plaintiff challenges the constitutionality of his present confinement and seeks release from confinement, the appropriate form of action is a petition

for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, following exhaustion of state remedies[.]").

This Court further notes that in Exhibit "(A-1)B" of the Complaint, which is a letter from Plaintiff to the State Parole Board, Plaintiff describes his challenge to the parole board's decision as a "motion for habeas corpus." (Compl. 9, ECF No. 1). Therefore, it is unclear under which statute, 42 U.S.C. § 1983 or 28 U.S.C. § 2254, Plaintiff means to bring this civil action.

In the event Plaintiff wishes to resubmit his claims in a petition for writ of habeas corpus under 28 U.S.C. § 2254, the Court will direct the Clerk of the Court to provide Plaintiff with a blank form for a petition under 28 U.S.C. § 2254. (AO 241 (modified): DNJ-Habeas-008 (Rev.01-2014): "Petition for Relief From a Conviction or Sentence By a Person in State Custody").

Additionally, Plaintiff is informed that the filing fee for a petition for writ of habeas corpus is $5.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing.

In the event Plaintiff seeks to submit a petition for writ of habeas corpus and to proceed in forma pauperis, the Court will direct the Clerk of the Court to supply Plaintiff with a blank form "Affidavit of Poverty and Certification (Habeas Corpus) (DNJ-Pro Se-007-B) (Rev. 09/09)," to be used in any future application to proceed in forma pauperis in a habeas

8

corpus proceeding.  Plaintiff is on notice that, pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. L. Civ. R. 81.2(c).

### III. CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee.[1]  Plaintiff will

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

9

be granted leave to apply to re-open within 45 days.  An appropriate Order will be entered.

                                                ___s/ Noel L. Hillman_____
                                                NOEL L. HILLMAN
                                                United States District Judge

Dated: November 9, 2015
At Camden, New Jersey