```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                        :
ALBERT V. LOUIS, JR.,                   :
                                        :
        Plaintiff,                      :   Civ. No. 15-7004 (NLH)
                                        :
    v.                                  :   OPINION
                                        :
NEW JERSEY STATE PAROLE                 :
    BOARD, et al.,                      :
                                        :
        Defendants.                     :
_____:

APPEARANCES:
Albert V. Louis, Jr., # 200841 159226B
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302
    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Albert V. Louis, Jr., a prisoner confined at South Woods State Prison in Bridgeton, New Jersey, filed this civil action asserting claims pursuant to 42 U.S.C. § 1983. The case was twice previously administratively terminated due to Plaintiff's failure to satisfy the filing fee requirement. (ECF No. 5, 12). This Court is in receipt of a third application to proceed in forma pauperis (ECF No. 18) as well as a letter from Plaintiff (ECF No. 17). Accordingly, the case was reopened for review by a judicial officer.

I.   In Forma Pauperis Application

As explained to Plaintiff in the Court's October 7, 2015 Opinion (ECF No. 4) and in the November 9, 2015 Opinion (ECF No. 13), pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance.  Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed in forma pauperis.

The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400.  A prisoner who is granted in forma pauperis status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee.  A prisoner who is denied in forma pauperis status must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

Title 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis.  Under § 1915, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. §

1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. Id.

If the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee, in installments, as follows. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions); see also 28 U.S.C. §

1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions). If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

The Court notes that the institutional account statement submitted by Plaintiff has not been certified by an appropriate official. There is a section specifically reserved for this certification on page 3 of the in forma pauperis application and, in Plaintiff's submission, it remains blank. Therefore, the application is incomplete pursuant to 28 U.S.C. § 1915(a)(1), (2). See, e.g., Hairston, Sr. v. Gronolsky, 348 F. App'x 716 (3d Cir. 2009) (affirming administrative termination of prisoner civil rights action for failure to comply with requirements of § 1915); Tyson v. Youth Ventures, L.L.C., 42 F.

4

App'x 221 (10th Cir. 2002) (affirming dismissal without prejudice of civil action where prisoner submitted only uncertified copy of institutional account statement); Johnson v. United States, 79 Fed.Cl. 769 (2007) (same). See also Rohn v. Johnston, 415 F. App'x 353, 354-55 (3d Cir. 2011) (affirming dismissal without prejudice of civil action where prisoner failed to submit the required affidavit of poverty).

Plaintiff does not assert that correctional officials have refused to provide the certified account statement.  To the extent he believes he is being improperly denied the required certification, any such assertion must be supported by an affidavit detailing the circumstances of Plaintiff's request for a certified institutional account statement and the correctional officials' refusal to comply, including the dates of such events and the names of the individuals involved.

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).  As discussed in the Court's previous Orders, the Court again notes that Plaintiff states in his Complaint that he is "faced with imminent danger of serious physical injury every second of every day." (Compl. 7, ECF No. 1).  However, Plaintiff does not provide any indication of what specific danger he is facing.  Without further information regarding the circumstances of his incarceration or the alleged

5

danger Plaintiff faces, this Court will not infer imminent danger.

For the foregoing reasons, the Court finds that Plaintiff's application is incomplete and his request to proceed in forma pauperis will be denied.  Plaintiff will not be assessed a filing fee of $350.

## II.  Petition for Writ of Habeas Corpus

The Court notes that Plaintiff has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, which is currently pending before this Court.  See Louis v. State of New Jersey, No. 15-6420 (NLH) (D.N.J. Aug. 25, 2015).  The relief he seeks and the arguments he sets forth in the pending § 2254 petition are similar in nature, if not identical, to the relief and the arguments asserted in the instant Complaint pursuant to 28 U.S.C. § 1983.  In essence, Petitioner alleges in both actions that he should have already been released from prison and that the State Parole Board improperly imposed a Future Eligibility Term ("FET") of 180 months, which will exceed Plaintiff's maximum release date.

The Court makes no determination as to the merits of Plaintiff's claims at this time.  However, as noted in the Court's previous Opinions, to the extent that Plaintiff challenges the calculation of his sentence or the decision of the State Parole Board, the Court notes that claims of this type

are often properly raised in the context of habeas corpus — an action which Plaintiff has already properly filed before this Court. See Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) ("It is well-settled that when a state prisoner is challenging the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus, not a § 1983 action.") (citation omitted); Ford v. D'Amico, No. 05-5050, 2006 WL 1457938, at *6 (D.N.J. May 22, 2006) (collecting cases) (holding that because Ford was actually contesting the decision denying parole for the duration of his maximum prison sentence and the determination of his release date, such a claim must be raised by way of a habeas corpus petition after exhaustion of state remedies); see also Hunterson v. DiSabato, 308 F.3d 236, 246 (3d Cir. 2002) (analyzing denial of parole and imposition of FET in context of habeas corpus); Pratola v. Sullivan, No. 08-2417, 2010 WL 234937, at *2 (D.N.J. Jan. 14, 2010) (same); Richardson v. New Jersey, No. 07-3482, 2007 WL 2317090, at *2 (D.N.J. Aug. 9, 2007) ("To the extent Plaintiff challenges the constitutionality of his present confinement and seeks release from confinement, the appropriate form of action is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, following exhaustion of state remedies[.]").

The Court previously stated that it was unclear under which statute, 42 U.S.C. § 1983 or 28 U.S.C. § 2254, Plaintiff means

to bring the instant civil action.  However, given the fact that Plaintiff has filed a § 2254 petition, which is pending before this Court, and he still is pursuing this § 1983 action, it appears that Plaintiff wishes to maintain separate civil actions under both statutes.  As explained above, Plaintiff is on notice that if he is granted in forma pauperis status in this civil action, he will be assessed a filing fee of $350.

### III. CONCLUSION

For foregoing reasons, the Clerk of the Court will be ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee.[1]  Plaintiff will be granted leave to apply to re-open within 45 days.  An appropriate Order will be entered.

```
                                    ___s/ Noel L. Hillman_____
                                    NOEL L. HILLMAN
                                    United States District Judge
```
Dated: February 8, 2016
At Camden, New Jersey

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).