UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                       :
ALBERT V. LOUIS, JR.,                  :
                                       :
        Plaintiff,                     :   Civ. No. 15-7004 (NLH)
                                       :
    v.                                 :   OPINION
                                       :
NEW JERSEY STATE PAROLE                :
      BOARD, et al.,                   :
                                       :
        Defendants.                    :
_____:


APPEARANCES:
Albert V. Louis, Jr., # 200841 159226B
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302
      Plaintiff Pro se



HILLMAN, District Judge

     Plaintiff Albert V. Louis, Jr., a prisoner confined at

South Woods State Prison in Bridgeton, New Jersey, filed this

civil action asserting claims pursuant to 42 U.S.C. § 1983.

This case was previously administratively terminated due to

Plaintiff's failure to satisfy the filing fee requirement. (ECF

Nos. 5, 12, 20).  Since the Court's most recent Order

administratively terminating this case, dated February 8, 2016

(ECF No. 20), Plaintiff has filed 8 additional letters and

another application to proceed in forma pauperis. (ECF Nos. 21-28).  The Court has reviewed each submission and finds the in forma pauperis application dated February 26, 2016 (ECF No. 27) to be complete.  Accordingly, the Court grants Plaintiff's request to proceed in forma pauperis.

At this time the Court must screen the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B); seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b); or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e.  For the reasons set forth below, the Complaint will be dismissed for failure to state a claim.

## I.   BACKGROUND

In his Complaint, Plaintiff challenges the decision of the New Jersey State Parole Board ("NJSPB") and his continued incarceration (Compl. 8-9, ECF No. 1), which he refers to as "extra-judicial servitude" in his letters, see, e.g., (ECF No. 22 at 5), (ECF No. 24 at 1).  He further challenges the calculation of his sentence and alleges that the NJSPB improperly imposed a Future Eligibility Term ("FET") of 180

months, which will exceed Plaintiff's maximum release date.
(Compl. 8-9, ECF No. 1).  Plaintiff asserts that his
constitutional rights have been violated and he seeks relief in
the form of immediate release and monetary compensation. (Id. at
7).


II.   STANDARDS OF REVIEW

A. Sua Sponte Dismissal

Per the Prison Litigation Reform Act, Pub.L. 104-134, §§
801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"),
district courts must review complaints in those civil actions in
which a prisoner is proceeding in forma pauperis, see 28 U.S.C.
§ 1915(e)(2)(B), seeks redress against a governmental employee
or entity, see 28 U.S.C. § 1915A(b), or brings a claim with
respect to prison conditions, see 42 U.S.C. § 1997e.  The PLRA
directs district courts to sua sponte dismiss any claim that is
frivolous, is malicious, fails to state a claim upon which
relief may be granted, or seeks monetary relief from a defendant
who is immune from such relief.

Every complaint must comply with the pleading requirements
of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires
that a complaint contain "a short and plain statement of the
claim showing that the pleader is entitled to relief."
"Specific facts are not necessary; the statement need only 'give

3

the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ... . Factual allegations must be enough to raise a right to relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

That is, a complaint must assert "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

The determination of whether the factual allegations plausibly give rise to an entitlement to relief is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted). Thus, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements

of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 556 U.S. at 678 (citations omitted).

In general, where a complaint subject to statutory screening can be remedied by amendment, a district court should not dismiss the complaint with prejudice, but should permit the amendment. <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (noting that leave to amend should be granted "in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment"), cited in <u>Thomaston v. Meyer</u>, 519 F. App'x 118, 120 n.2 (3d Cir. 2013); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

Finally, in determining the sufficiency of a <u>pro</u> <u>se</u> complaint, the Court must be mindful to accept its factual allegations as true, <u>see</u> <u>James v. City of Wilkes-Barre</u>, 700 F.3d 675, 679 (3d Cir. 2012), and to construe it liberally in favor of the plaintiff, <u>see</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992). Nevertheless, "<u>pro</u> <u>se</u> litigants still must allege sufficient facts in their complaints to support a claim." <u>Mala v. Crown Bay Marina, Inc.</u>, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

III. DISCUSSION

As explained to Plaintiff in the Court's previous Orders, challenges to the calculation of a sentence or parole decisions are often properly, and exclusively, raised in the context of habeas corpus. See Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) ("It is well-settled that when a state prisoner is challenging the fact or duration of his confinement, his sole

federal remedy is a writ of habeas corpus, not a § 1983
action.") (citation omitted) (citing Preiser v. Rodriguez, 411
U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973)); Ford v.
D'Amico, No. 05-5050, 2006 WL 1457938, at *6 (D.N.J. May 22,
2006) (collecting cases) (holding that because Ford was actually
contesting the decision denying parole for the duration of his
maximum prison sentence and the determination of his release
date, such a claim must be raised by way of a habeas corpus
petition after exhaustion of state remedies); see also Hunterson
v. DiSabato, 308 F.3d 236, 246 (3d Cir. 2002) (analyzing denial
of parole and imposition of FET in context of habeas corpus);
Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001) (holding that
the appellant was required to challenge the execution of his
sentence, inclusive of an adverse denial of parole by the
Pennsylvania Board, under 28 U.S.C. § 2254); Pratola v.
Sullivan, No. 08-2417, 2010 WL 234937, at *2 (D.N.J. Jan. 14,
2010) (analyzing denial of parole and imposition of FET in
context of habeas corpus); Richardson v. New Jersey, No. 07-
3482, 2007 WL 2317090, at *2 (D.N.J. Aug. 9, 2007) ("To the
extent Plaintiff challenges the constitutionality of his present
confinement and seeks release from confinement, the appropriate
form of action is a petition for writ of habeas corpus, pursuant
to 28 U.S.C. § 2254, following exhaustion of state
remedies[.]").

7

Therefore, to the extent Plaintiff seeks immediate release, Plaintiff's challenge to the constitutionality of his confinement is properly raised in a petition for writ of habeas corpus.

Further, to the extent Plaintiff seeks monetary damages with regard to the NJSPB's decision, his claims are barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In Heck, the Supreme Court held that — where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence — a plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence. More recently, the Supreme Court explained that

> a state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration.

Wilkinson v. Dotson, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 161 L.Ed.2d 253 (2005) (emphasis in original).

In this case, the success of Plaintiff's claims would necessarily demonstrate the invalidity of the NJSPB's decision and his present confinement; therefore, Plaintiff's § 1983 action is not cognizable under Heck. See, Johnson v. Mondrosch,

8

586 F. App'x 871 (3d Cir. 2014) (holding that parolee's § 1983 claims challenging parole revocation were barred by Heck, because granting parolee's requested relief would necessarily invalidate state parole board's decision to revoke his parole); Williams, 453 F.3d at 177 (collecting cases) (holding that because the parole board's decision had not been rendered invalid, plaintiff-parolee could not attack it via a § 1983 action).

The Court notes that Plaintiff has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, which is currently pending before this Court. See Louis v. State of New Jersey, No. 15-6420 (NLH) (D.N.J. Aug. 25, 2015).  In the event he obtains a favorable result, the claims raised in the instant Complaint will no longer be barred under Heck, and he may reassert his allegations of constitutional violations and his request for monetary relief in an action pursuant to 28 U.S.C. § 1983.

Finally, the Court has reviewed each of Plaintiff's letters (ECF Nos. 21-28) and determines that nothing contained in those submissions alters this Court's analysis or warrants any further action by the Court.

IV.   CONCLUSION

For foregoing reasons, the Complaint will be dismissed without prejudice for failure to state a claim upon which relief

9

may be granted. See, e.g., Ford, 2006 WL 1457938 at *9

(dismissing plaintiff's § 1983 claims seeking immediate release

and monetary damages without prejudice).

    An appropriate Order will be entered.

                        __s/ Noel L. Hillman_____
                        NOEL L. HILLMAN
                        United States District Judge

Dated: April 18, 2016
At Camden, New Jersey